**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

KATHLEEN KRENN,

      Plaintiff,                              Case No.:

v.

SERENATA BEACH CLUB, LLC,
a Florida limited liability company;
MOLLY BUTLER, an individual; and
MICHAEL MOTA, an individual.

      Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, Kathleen Krenn, by and through the undersigned attorneys of record, and files this Complaint and Demand for Jury Trial against Defendants Serenata Beach Club, LLC, (hereinafter "Serenata"), Molly Butler, and Michael Mota, and in support thereof states as follows:

### NATURE OF THE ACTION

1. This is an action for unpaid wages pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA").

2. This is an action for unpaid wages pursuant to the Florida Minimum Wage Act, Florida Statutes section 448.110 ("FMWA").

3. This is an action for breach of contract.

4. This is an action for retaliation pursuant to the FLSA.

5. This is an action for retaliation pursuant to the FMWA.

6. This is an action for retaliation pursuant to the Florida Whistleblower Act, Florida Statutes section 448.102. ("FWA")

## PARTIES, JURISDICTION, AND VENUE

7. At all times relevant to this Complaint, Plaintiff has been an individual residing in Duval County, Florida.

8. Defendant Serenata is a limited liability company operating in St. Johns County, Florida with at least one member residing in St. Johns County, Florida.

9. Defendant Butler is an individual residing in Florida.

10. Defendant Mota is an individual residing in Florida.

11. Defendant Serenata is an employer for purposes of the FLSA as the term is defined by 29 U.S.C. § 203.

12. Defendant Butler is an employer for purposes of the FLSA as the term is defined by 29 U.S.C. § 203.

13. Defendant Mota is an employer for purposes of the FLSA as the term is defined by 29 U.S.C. § 203.

14. Plaintiff is an employee for purposes of the FLSA as the term is defined by 29 U.S.C. § 203.

15. Defendant Serenata is an employer for purposes of the FMWA as the term is defined by § 448.101, Fla. Stat.

16. Defendant Butler is a supervisor for purposes of the FMWA as the term is defined by § 448.101, Fla. Stat.

17. Defendant Mota is a supervisor for purposes of the FMWA as the term is defined by § 448.101, Fla. Stat.

18. Plaintiff is an employee for purposes of the FMWA as the term is defined by § 448.101, Fla. Stat.

19. Defendant Serenata is an employer for purposes of the FWA as the term is defined by § 448.101, Fla. Stat.

20. Defendant Butler is a supervisor for purposes of the FWA as the term is defined by § 448.101, Fla. Stat.

21. Defendant Mota is a supervisor for purposes of the FWA as the term is defined by § 448.101, Fla. Stat.

22. Plaintiff is an employee for purposes of the FWA as the term is defined by § 448.101, Fla. Stat.

23. On March 28, 2024, Plaintiff served Defendant Serenata, Defendant Butler, and Defendant Mota with pre-litigation notice as required by the FMWA pursuant to Florida Statutes section 448.110(6)(b). In Plaintiff's notice, Plaintiff provided Defendants with a description of the factual and legal nature of her claims and presented Defendants with a monetary settlement demand for Plaintiff's claims. The notice provided Defendants fifteen calendar days within which to accept or respond to Plaintiff's demand set forth in the notice.

24. Defendant Serenata's only response to the notice was to provide Plaintiff with two checks drafted from a frozen bank account in amounts less than Plaintiff's demand, and which did not provide funds sufficient to cover the obligations under the FLSA or the FMWA. The bank account from which the two

checks were issued had insufficient funds to pay the amounts listed on the checks.

25. Jurisdiction over Plaintiff's FLSA claims is conferred on this Court by title 28 U.S.C. § 1331.

26. This Court has supplemental jurisdiction over Plaintiff's FMWA claims pursuant to 28 U.S.C. § 1367.

27. This Court has supplemental jurisdiction over Plaintiff's breach of contract claim pursuant to 28 U.S.C. § 1367.

28. This Court has supplemental jurisdiction over Plaintiff's FWA claims pursuant to 28 U.S.C. § 1367.

29. Venue exists in the Middle District of Florida, Jacksonville Division, pursuant to title 28 U.S.C. § 1391(b), as all events pertinent hereto occurred in St. Johns County, Florida.

**GENERAL ALLEGATIONS**

30. Plaintiff was an employee of Serenata.

31. During the relevant period of Plaintiff's employment, Serenata agreed to pay Plaintiff an hourly rate of $31.73.

32. During the relevant period of Plaintiff's employment, Serenata agreed to provide Plaintiff with vacation pay that could be used at her option.

33. Based on the parties' agreement, Plaintiff earned gross wages amounting to $2,538.40 each two week pay period.

34. On October 27, 2023, Serenata issued Plaintiff a paycheck in the amount of $2,538.40 compensating her for work she performed during the pay period commencing October 3, 2023 and continuing through October 17, 2023.

35. The October 27, 2023 paycheck was returned due to Serenata maintaining insufficient funds in the account from which it drafted the check.

36. Serenata later paid Plaintiff the owed wages by wire transfer.

37. On January 19, 2024, Serenata failed to issue Plaintiff her scheduled paycheck in the amount of $2,538.40 compensating her for work she performed during the pay period commencing December 30, 2023 and continuing through January 12, 2024.

38. To date, Serenata has not remitted wages to compensate Plaintiff for the work she performed during the December 30, 2023 through January 12, 2024 pay period.

39. On January 30, 2024, Plaintiff and other Serenata employees exchanged text messages with Butler regarding Serenata's failure to pay employees their wages.

40. In response, the same day, Butler advised that employees, including Plaintiff, would receive their owed wages that week.

41. On February 3, 2024, Serenata failed to issue Plaintiff her scheduled paycheck in the amount of $2,538.40 to compensate her for work she performed during the pay period commencing January 13, 2024 and continuing through January 26, 2024.

42. To date, Serenata has not remitted wages to compensate Plaintiff for the work she performed during the January 13, 2024 through January 26, 2024 pay period.

43. On February 17, 2024, Serenata failed to issue Plaintiff her scheduled paycheck in the amount of $2,538.40 compensating her for work she performed during the pay period commencing January 27, 2024 and continuing through February 9, 2024.

44. To date, Serenata has not remitted wages to compensate Plaintiff for the work she performed during the January 27, 2024 through February 9, 2024 pay period.

45. On February 21, 2024, Serenata issued Plaintiff a paycheck to compensate her for all work performed between December 2023 and January 26, 2024.

46. Plaintiff's February 21, 2024 paycheck was returned due to Serenata maintaining insufficient funds in the account from which it drafted the check.

47. On March 2, 2024, Serenata failed to issue Plaintiff her scheduled paycheck in the amount of $2,538.40 compensating her for work she performed during the pay period commencing February 10, 2024 and continuing through February 23, 2024.

48. To date, Serenata has not remitted wages to compensate Plaintiff for the work she performed during the February 10, 2024 through February 23, 2024 pay period.

49. On February 21, 2024, Plaintiff advised Serenata that, beginning on February 22, 2024, she would take leave due to Serenata's failure to compensate her for her work performed for the past four pay periods.

50. Since February 22, 2024, Plaintiff has utilized $5,271.62 of her accrued paid leave time but Serenata has failed to remit Plaintiff's paid leave time, as required by its internal policies.

51. On March 28, 2024, Plaintiff, through counsel, advised Serenata, Butler, and Mota of the unpaid wages and damages owed to Plaintiff due to its breach of contract and violations of the FLSA and FMWA.

52. On April 4, 2024, Serenata issued two checks to Plaintiff—one check in the amount of $7,117.31 and one check in the amount of $2,099.57.

53. The two April 4, 2024 checks failed to fully compensate Plaintiff for her damages incurred as a result of Serenata's violations of the FLSA and FMWA, as well as for its breaches of contract.

54. When Plaintiff attempted to deposit the April 4, 2024 checks, the bank advised her that the checks could not be cashed, as the account from which they were written was frozen.

55. To date, Plaintiff has not received compensation for any work performed from December 30, 2023 to February 21, 2024, and has not received compensation for her 166.14 hours of leave time.

56. Following Plaintiff's complaints to Butler and Mota regarding Serenata's failure to pay her wages and paid vacation time, Serenata replaced

Plaintiff as Membership Director, evidently terminating her employment in retaliation for her complaints.

### COUNT I: FAILURE TO PAY PLAINTIFF A MINIMUM WAGE IN VIOLATION OF THE FLSA AS TO DEFENDANT SERENATA

57. Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1-8, 11, 14-15, 18-19, and 22-56 above as if fully set forth herein.

58. Serenata has not paid Plaintiff the federal minimum wage within the period between December 30, 2023 and February 23, 2024.

59. During the workweeks within the period between December 30, 2023 and February 23, 2024, Serenata paid Plaintiff less than the federal minimum hourly wage of $7.25 per hour required under 29 U.S.C. § 206(a)(1) based on its failure to pay Plaintiff for any work performed during the relevant time period.

60. Serenata acted willfully or with reckless disregard as to its obligation to pay Plaintiff a minimum hourly wage, and, accordingly, was willful for purposes of the FLSA, 29 U.S.C. § § 255(a), 260.

61. As a result of Serenata's unlawful conduct, Plaintiff has incurred loss of wages, liquidated damages, attorneys' fees, and costs of litigation.

WHEREFORE, Plaintiff respectfully requests that this Court enter an order awarding Plaintiff lost past wages in the amount of $2,320.00, future wages, liquidated damages in the amount of $2,320.00, attorneys' fees, costs of litigation, pre- and post-judgment interest, and any other relief that this Court deems just and proper.

## COUNT II: RETALIATION AGAINST PLAINTIFF
## IN VIOLATION OF THE FLSA AS TO DEFENDANT SERENATA

62.  Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1 through 1-8, 11, 14-15, 18-19, and 22-56 above as if fully set forth herein.

63.  Plaintiff, both personally and through counsel, raised complaints to Serenata, through its management employees, that she had not been paid any owed wages for weeks.

64.  Plaintiff's complaints regarding Serenata's failure to pay her wages constitute a protected disclosure alleging a violation of the FLSA.

65.  Serenata terminated Plaintiff's employment because of Plaintiff's complaints regarding Serenata's failure to pay her a minimum wage as required by the FLSA.

66.  Serenata's decision to terminate Plaintiff is retaliation made unlawful by the FLSA.

67.  As a result, Serenata's unlawful conduct, Plaintiff has incurred loss of past and future wages as well as liquidated damages, attorneys' fees, and costs of litigation.

WHEREFORE, Plaintiff respectfully requests that this Court enter an order awarding Plaintiff lost past wages in the amount of $2,320.00, future wages, liquidated damages in the amount of $2,320.00, attorneys' fees, costs of litigation, pre- and post-judgment interest, and any other relief that this Court deems just and proper.

**COUNT III: RETALIATION AGAISNT PLAINTIFF
IN VIOLATION OF THE FLSA AS TO DEFENDANT BUTLER**

68. Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1-9, 12, 14-16, 18-20, and 22-56 above as if fully set forth herein.

69. Plaintiff, both personally and through counsel, raised complaints to Butler that she had not been paid any owed wages for weeks.

70. Butler is a supervisor at Serenata and is vested with the authority to make employment decisions, such as hiring and firing decisions, including with regard to Plaintiff's employment with Serenata.

71. Plaintiff's complaints to Butler regarding Serenata's failure to pay her wages constitute a protected disclosure alleging a violation of the FLSA.

72. Serenata and Butler terminated Plaintiff's employment because of Plaintiff's complaints regarding Serenata's failure to pay her a minimum wage as required by the FLSA.

73. Upon information and belief, Butler was a decisionmaker responsible for Plaintiff's termination.

74. Serenata's and Butler's decision to terminate Plaintiff is retaliation made unlawful by the FLSA.

75. As a result of Butler's unlawful conduct, Plaintiff has incurred loss of past and future wages as well as liquidated damages, attorneys' fees, and costs of litigation.

WHEREFORE, Plaintiff respectfully requests that this Court enter an order awarding Plaintiff lost past wages in the amount of $2,320.00, future wages, liquidated damages in the amount of $2,320.00, attorneys' fees, costs of

litigation, pre- and post-judgment interest, and any other relief that this Court deems just and proper.

### COUNT IV: RETALIATION AGAINST PLAINTIFF IN VIOLATION OF THE FLSA AS TO DEFENDANT MOTA

76. Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1-8, 10-11, 13-15, 17-19, and 21-56 above as if fully set forth herein.

77. Plaintiff, both personally and through counsel, raised complaints to Butler that she had not been paid any owed wages for weeks.

78. Mota is a supervisor at Serenata and is vested with the authority to make employment decisions, such as hiring and firing decisions, including with regard to Plaintiff's employment with Serenata.

79. Plaintiff's complaints to Mota regarding Serenata's failure to pay her wages constitute a protected disclosure alleging a violation of the FLSA.

80. Serenata and Mota terminated Plaintiff's employment because of Plaintiff's complaints regarding Serenata's failure to pay her a minimum wage as required by the FLSA.

81. Upon information and belief, Mota was a decisionmaker responsible for Plaintiff's termination.

82. Serenata's and Mota's decision to terminate Plaintiff is retaliation made unlawful by the FLSA.

83. As a result of Mota's unlawful conduct, Plaintiff has incurred loss of past and future wages as well as liquidated damages, attorneys' fees, and costs of litigation.

WHEREFORE, Plaintiff respectfully requests that this Court enter an order awarding Plaintiff lost past wages in the amount of $2,320.00, future wages, liquidated damages in the amount of $2,320.00, attorneys' fees, costs of litigation, pre- and post-judgment interest, and any other relief that this Court deems just and proper.

### COUNT V: FAILURE TO PAY PLAINTIFF A MIMUMUM WAGE IN VIOLATION OF THE FMWA AS TO DEFENDANT SERENATA

84. Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1-8, 11, 14-15, 18-19, and 22-56 above as if fully set forth herein.

85. Serenata has not paid Plaintiff the Florida state minimum wage within the period between December 30, 2023 and February 23, 2024.

86. During the workweeks within the period between December 30, 2023 and February 23, 2024, Serenata paid Plaintiff less than the Florida state minimum hourly wage of $12.00 per hour required under 29 U.S.C. § 206(a)(1) based on its failure to pay Plaintiff for any work performed during the relevant time period.

87. Serenata acted willfully or with reckless disregard as to its obligation to pay Plaintiff a minimum hourly wage, and, accordingly, was willful for purposes of the FMWA. § 448.110, Fla. Stat.

88. As a result of Serenata's unlawful conduct, Plaintiff has incurred loss of wages in the amount of $3,840.00, liquidated damages in the amount of $3,840.00, attorneys' fees, and costs of litigation.

WHEREFORE, Plaintiff respectfully requests that this Court enter an order enjoining Serenata from continued violations of the FMWA, reinstating Plaintiff's

employment, awarding Plaintiff lost past wages in the amount of $3,840.00, future wages, liquidated damages in the amount of $3,840.00, attorneys' fees, and costs of litigation, pre- and post-judgment interest, and any other relief that this Court deems just and proper.

### COUNT VI: RETALIATION AGAINST PLAINTIFF
### IN VIOLATION OF THE FMWA AS TO DEFENDANT SERENATA

89. Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1-8, 11, 14-15, 18-19, and 22-56 above as if fully set forth herein.

90. Plaintiff, both personally and through counsel, raised complaints to Serenata, through its management employees, that she had not been paid any owed wages for weeks.

91. Plaintiff's complaints regarding Serenata's failure to pay her wages constitute a protected disclosure alleging a violation of the FMWA.

92. Serenata terminated Plaintiff's employment because of Plaintiff's complaints regarding Serenata's failure to pay her a minimum wage as required by the FMWA.

93. Serenata's decision to terminate Plaintiff is retaliation made unlawful by the FMWA.

94. As a result, Serenata's unlawful conduct, Plaintiff has incurred loss of past and future wages, liquidated damages, attorneys' fees, and costs of litigation.

WHEREFORE, Plaintiff respectfully requests that this Court enter an order awarding Plaintiff lost past wages in the amount of $3,840.00, future wages, liquidated damages in the amount of $3,840.00, attorneys' fees, costs of

litigation, pre- and post-judgment interest, and any other relief that this Court deems just and proper.

### COUNT VII: RETALIATION AGAINST PLAINTIFF
### IN VIOLATION OF THE FMWA AS TO DEFENDANT BUTLER

95. Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1-9, 12, 14-16, 18-20, and 22-56 above as if fully set forth herein.

96. Plaintiff, both personally and through counsel, raised complaints to Butler that she had not been paid any owed wages for weeks.

97. Butler is a supervisor at Serenata and is vested with the authority to make employment decisions, such as hiring and firing decisions, including with regard to Plaintiff's employment with Serenata.

98. Plaintiff's complaints to Butler regarding Serenata's failure to pay her wages constitute a protected disclosure alleging a violation of the FMWA.

99. Through Butler, Serenata terminated Plaintiff's employment because of Plaintiff's complaints regarding Serenata's failure to pay her a minimum wage as required by the FMWA.

100. Upon information and belief, Butler was a decisionmaker responsible for Plaintiff's termination.

101. Butler's decision to terminate Plaintiff is retaliation made unlawful by the FMWA.

102. As a result of Butler's unlawful conduct, Plaintiff has incurred loss of past and future wages, liquidated damages, attorneys' fees, costs of litigation, and pre- and post-judgment interest.

WHEREFORE, Plaintiff respectfully requests that this Court enter an order awarding Plaintiff lost past wages in the amount of $3,840.00, future wages, liquidated damages in the amount of $3,840.00, attorneys' fees, costs of litigation, and any other relief that this Court deems just and proper.

### COUNT VIII: RETALIATION AGAINST PLAINTIFF IN VIOLATION OF THE FMWA AS TO DEFENDANT MOTA

103. Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1-8, 10-11, 13-15, 17-19, and 21-56 above as if fully set forth herein.

104. Plaintiff, both personally and through counsel, raised complaints to Butler that she had not been paid any owed wages for weeks.

105. Mota is a supervisor at Serenata and is vested with the authority to make employment decisions, such as hiring and firing decisions, including with regard to Plaintiff's employment with Serenata.

106. Plaintiff's complaints to Mota regarding Serenata's failure to pay her wages constitute a protected disclosure alleging a violation of the FMWA.

107. Through Mota, Serenata terminated Plaintiff's employment because of Plaintiff's complaints regarding Serenata's failure to pay her a minimum wage as required by the FMWA.

108. Upon information and belief, Mota was a decisionmaker responsible for Plaintiff's termination.

109. Mota's decision to terminate Plaintiff is retaliation made unlawful by the FMWA.

110. As a result of Mota's unlawful conduct, Plaintiff has incurred loss of past and future wages, liquidated damages, attorneys' fees, costs of litigation, and pre- and post-judgment interest.

WHEREFORE, Plaintiff respectfully requests that this Court enter an order awarding Plaintiff lost past wages in the amount of $3,840.00, future wages, liquidated damages in the amount of $3,840.00, attorneys' fees, costs of litigation, and any other relief that this Court deems just and proper.

### COUNT IX: RETALIATION AGAINST PLAINTIFF
### IN VIOLATION OF THE FWA AS TO DEFENDANT SERENATA

111. Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1-8, 11, 14-15, 18-19, and 22-56 above as if fully set forth herein.

112. The FLSA provides that "[e]very employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at the following rates: . . . $7.25 an hour, beginning 24 months after that 60th day[.]" 29 U.S.C. § 206(a).

113. The FMWA provides that "[e]mployers shall pay employees a minimum wage at an hourly rate of $6.15 for all hours worked in Florida. . . . Beginning September 30, 2005, and annually on September 30 thereafter, the Department of Economic Opportunity shall calculate an adjusted minimum wage rate by increasing the state minimum wage by the rate of inflation for the 12 months prior to September 1." § 448.110, Fla. Stat.

114. Article 10 of the Florida Constitution provides that "[e]mployers shall pay Employees Wages no less than the Minimum Wage for all hours worked in

16

Florida. . . .Effective September 30th, 2021, the existing state Minimum Wage shall increase to $10.00 per hour, and then increase each September 30th thereafter by $1.00 per hour, until the Minimum Wage reaches $15.00 per hour on September 30th, 2026." Fl. Const. Art. 10 § 24.

115. Serenata failed to compensate Plaintiff for any hours worked between December 30, 2023 and February 23, 2024, thereby failing to meet its obligation to pay Plaintiff a minimum wage.

116. Plaintiff disclosed Serenata's failure to meet its obligations to pay Plaintiff a minimum wage.

117. Plaintiff's disclosure of Serenata's failure to meet its obligations to pay Plaintiff a minimum wage qualifies as an objection to Serenata's violation of a law, rule, or regulation as required by Florida Statutes section 448.102(3).

118. Serenata violated Florida Statutes section 448.102(3) when it terminated Plaintiff in retaliation for her reporting and objection to Serenata's violations of law listed herein.

WHEREFORE, Plaintiff requests that this Court issue a judgment finding that Serenata's conduct against Plaintiff violated Plaintiff's rights under the FWA, award Plaintiff damages, including compensation for lost back wages, front wages, benefits, and other remuneration; compensation for Plaintiff's pain and suffering and emotional distress; pre- and post-judgment interest; other compensatory damages allowable by law pursuant to Florida Statutes 448.103(2); Plaintiff's attorneys' fees and costs pursuant to Florida Statutes

17

section 448.104; pre- and post-judgment interest; and such further relief as this Court deems just and proper.

### COUNT XII: BREACH OF CONTRACT AS TO DEFENDANT SERENATA

119. Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1-8, 11, 14-15, 18-19, and 22-56 above as if fully set forth herein.

120. Plaintiff and Serenata entered into a valid oral employment contract, pursuant to which Plaintiff would perform services as Serenata's Membership Director and Serenata would compensate Plaintiff an hourly rate of $31.73, in addition to paid vacation time.

121. Serenata committed a material breach of the parties' contract when it failed to pay her for work performed between December 30, 2023 and February 23, 2024.

122. Serenata committed a material breach of the parties' contract when it failed to pay her for paid vacation utilized since February 23, 2024.

123. Plaintiff suffered damages as a result of Serenata's breaches of the parties' contract.

WHEREFORE, Plaintiff respectfully requests that this Court enter an order awarding Plaintiff lost wages in the amount of $10,153.60, in addition to statutory interest, paid time off in the amount of $5,271.62, in addition to statutory interest, attorneys' fees and costs of litigation pursuant to Florida Statutes section 448.08; pre- and post-judgment interest; and awarding Plaintiff any other relief that this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests a trial by jury with respect to all claims so triable.

Respectfully submitted this 10th day of June 2024.

**DELEGAL POINDEXTER
& UNDERKOFLER P.A.**

*/s/ Alexandra E. Underkofler*_____
**T.A. DELEGAL, III, B.C.S.**
Fla. Bar No.: 892701
Email: tad@delegal.net
Secondary email: office@delegal.net
**JAMES C. POINDEXTER**
Fla. Bar No.: 0116039
Email: james@delegal.net
**ALEXANDRA E. UNDERKOFLER**
Fla. Bar No.: 1018209
Email: alex@delegal.net
424 E. Monroe Street
Jacksonville, Florida 32202
Telephone: (904) 633-5000
Facsimile: (904) 358-2850
   *Counsel for Plaintiff*