UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

KATHLEEN KRENN,

    Plaintiff,                                  Case No.: 3:24-cv-00593 WWB-PDB

v.

SERENATA BEACH CLUB, LLC,
a Florida limited liability company;
MOLLY BUTLER, an individual; and
MICHAEL MOTA, an individual

    Defendants.
_____/

## CORRECTED AMENDED MOTION TO SET ASIDE DEFAULT

COMES NOW the Defendants, Serenata Beach Club, LLC and Molly Butler, by and through their undersigned attorney, and files this Corrected Amended Motion to Set Aside Default pursuant to Rule 55(C), Fed. R. Civ. P. as follows:

1. Plaintiff's Complaint was filed on June 10, 2024.

2. On or about September 10, 2024, the parties entered into a fully executed written settlement agreement resolving all aspects of this lawsuit without any admission of liability. The settlement agreement did not become effective until seven (7) days after execution by the Plaintiff (the "revocation period").

3. That same day, counsel for Plaintiff sent Defendant Mota and others an email with a proposed Joint Motion for Approval of Settlement Agreement as well as a proposed Order Granting the Joint Motion for Approval of Settlement Agreement. For some inexplicable reason, the communication from Plaintiff's counsel indicates that the

1

proposed settlement agreement would not be submitted until such time as payment was tendered.  No such language can be found in the agreement between the parties.

4. Defendants Serenata Beach Club, LLC and Molly Butler were not copied on the communication from Plaintiff's counsel; however, Defendant Mota forwarded the same to the remaining Defendants for review.

5. Defendant Mota owned and operated the management company retained by Serenata Beach Club, LLC.  The management company was the only entity affiliated with the beach club with any bank account and was responsible for receipt of all incoming monies due to the beach club.  Further, Defendant Mota negotiated the settlement agreement with Plaintiff on behalf of all the Defendants.

6. Plaintiff subsequently submitted and obtained a Default against the Defendants on September 30, 2024.

7. The default entered on September 30, 2024 was the very first indication to Defendants Serenata Beach Club, LLC and Molly Butler that any monies due Plaintiff had not been paid.

8. Defendants Serenata Beach Club, LLC and Molly Butler immediately contacted Defendant Mota who indicated that he was resolving any issues.  That has not been the case.

9. Rule 55(C), Fed. R. Civ. P. states the following:

    The court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b).

10. "[B]ecause defaults are generally disfavored and are reserved for rare occasions, when doubt exists as to whether a default should be granted or vacated, the doubt should

be resolved in favor of the defaulting party." *Enron Oil Corp v. Diakuhara., 10 F.3d 90, 96 (2d Cir. 1993).*

11. Because Rule 55(c) does not define the term "good cause," we have established three criteria that must be assessed in order to decide whether to relieve a party from default or from a default judgment. These widely accepted factors are: (1) whether the default was willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether a meritorious defense is presented.

### Default Not Willful

12. The failure to act by Serenata Beach Club, LLC and/or Molly Butler was not willful. The Defendants had no reason to believe that there was any further action required by them with respect to responding to the Complaint once they fully executed the settlement agreement. Moreover, the Defendants had every reason to believe that the Plaintiff would have submitted a proposed Order ratifying the settlement agreement.

### No Prejudice

13. Plaintiff will not be prejudiced in any meaningful way. The lawsuit has been pending for barely four months. During that time Plaintiff has had to expend next to no effort litigating this matter beyond negotiating the aforementioned settlement agreement, which for some reason it inexplicably chose not to pursue with the Court.

### Meritiorious Defense

14. During the relevant time period alleged in Plaintiff's complaint, Defendant Serenata Beach Club, LLC had long been outsourcing the hiring and managing of employees to third-parties. One such management company was Serenata Beach Club Management,

LLC, the entity owned by Defendant Mota. Upon information and belief, Serenata Beach Club Management, LLC terminated the Plaintiff on February 22, 2024.

15. The Plaintiff was not a direct employee of Defendant, Serenata Beach Club, LLC, and therefore Serenata Beach Club, LLC was not an "employer" as defined under Fla. Stat. §448.101 as alleged in ¶ 19 of Plaintiff's complaint.

16. Further, Defendant Molly Butler was not a "supervisor" as defined under Fla. Stat. §448.101 as alleged in ¶ 20 of Plaintiff's complaint.

WHEREFORE, the Defendant requests that the default dated February 9, 2017 be set aside.

## Compliance with Local Rule 1.08

I hereby certify that this submission complies with Local Rule 1.08.

## Local Rule 3.01(g) Certification

I hereby certify that prior to filing this motion I conferred with counsel for Plaintiff does not oppose the relief sought by the Defendants.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 7, 2024, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the parties of record.

/s/ David E. Borack
Fla. Bar No. 998303
BORACK LAW GROUP, P.A.
P.O. Box 915498
Longwood, 32791
Phone: (407) 644-8285
Fax:  (407) 622-4880
E-Mail:  Dborack@Boracklawgroup.com
Attorney for Serenata Beach Club and Butler