IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CASE NO: 3:24-CV-593-WWB-PDB

KATHLEEN KRENN,

    Plaintiff,

v.

SERENATA BEACH CLUB,
LLC, ETC.,

    Defendants.
_____/

**UNOPPOSED SECOND CORRECTED MOTION TO SET ASIDE**
**DEFAULT JUDGMENT AS TO MICHAEL MOTA**

COMES NOW, Defendant MICHAEL MOTA (hereinafter referred to as "Mr. Mota") by and through his undersigned counsel, hereby files this Unopposed Motion to Set Aside Default Judgment, and in support thereof states as follows:

1. On September 26, 2024, this Court entered an Order (DOC. 20) granting the Plaintiff, KATHLEEN KRENN's (hereinafter "Ms. Krenn") Motion for Default Against All Defendants (DOC. 19), including Mr. Mota.

2. As a result, a Clerks Entry of Default was entered against Mr. Mota on September 30, 2024 (DOC. 22).

3. The Defendant, MICHAEL MOTA, seeks to set aside the Default, in that he did not know, as an unrepresented defendant, that he needed to file an Answer as he was negotiating or at least in communication with the attorney for the Plaintiff. Mr. MOTA has been diligent, and he has a meritorious defense.

<u>Memorandum of law</u>

Federal Rule of Civil Procedure 55(c) provides that "the court may set aside an entry of default for good cause[.]"  The factors that determine if the defendant meets this standard are " (1) whether the default was the result of culpable conduct of the defendant[;] (2) whether the plaintiff would be prejudiced if the default should be set aside [;] and (3) whether the defendant presented a meritorious defense."  *Hunt v. Ford Motor Co.,* 65 F.3d 178, 1995 WL 523646, *3 (10th Cir. 1995) (*citing In re Dierschke,* 975 F.2d 181, 183 (5th Cir. 1992)).

I. *Culpability*

Broadly speaking, culpability exists "if [the defendant] has defaulted willfully or has no excuse for the default."  *Hunt,* 65 F.3d 178, 1995 WL 523646, *3 (citing *United State v. Timbers Pres.*, 999 F.2d 452, 454 (10th Cir. 1993).

Here, Mr. Mota has continuously pursued negotiations with Ms. Krenn.  In doing so, Mr. Mota mistakenly believed that he was not required to file any response to the action.  When Mr. Mota learned of his mistake, he included Peter Ticktin, the undersigned counsel for Mr. Mota in an unrelated matter, in a range of emails related to the case at bar.  However, due to the large number of emails received by the undersigned and a recently highly active trial schedule, the undersigned didn't realize he was now included on a separate matter, nor that an Entry of Default was entered, until October 15, 2024.

II. *Prejudice to the Plaintiff*

Ms. Krenn would not be prejudiced if the default were set aside; this is evident by the fact that the undersigned counsel for Ms. Krenn agreed that this Motion is unopposed.

However, if the Motion to set aside the Default were not granted, Mr. Mota would

be unfairly prejudiced and prevented from arguing his meritorious defenses to the Complaint.

III.     *Meritorious Defense*

Rule 55(c) of the Federal Rules of Civil Procedure requires that "a sufficient elaboration of facts to permit the trial court to judge whether the defense, if movant's version were believed, would be meritorious." *In re Stone*, 588 F.2d 1316, 1319 (10th Cir. 1978).

The events giving way to Ms. Krenn's various causes of action occurred at least one month prior to Mr. Mota's involvement with the Co-Defendants.  Put simply, at the time of the failure to pay Ms. Krenn, Mr. Mota did not work for and was not associated with Ms. Krenn's employer, Serenata Beach Club, LLC.   The only reason Mr. Mota is involved with settlement negotiations with Ms. Krenn is in his capacity as an agent of SERENATA BEACH CLUB, LLC, not individually.

Furthermore, nothing exists that encumbers Mr. Mota with the Serenata Beach Club's liability to Ms. Krenn for her wages; Ms. Krenn's employment is with the Serenata Beach Club, not Mr. Mota.

WHEREFORE, the Defendant, MICHAEL MOTA, respectfully requests that this Court enter an order granting his Motion to Set Aside Default, and further award such further and other relief as this honorable Court may deem proper and just.

Local Rule 3.01(g) Certification

The undersigned counsel for Mr. Mota and for Ms. Krenn conferred via telephone and by email, and have agreed to the resolution of this motion, and as such, this Motion to Set Aside Clerk's Default is unopposed.

3

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed this 12th day of November 2024, with the Clerk of Court using CM/ECF, which will send a notice of electronic filing to all Parties listed on the Service List.

Respectfully submitted,

/s/ Peter Ticktin
Peter Ticktin, Esquire
Florida Bar No. 887935
Serv512@LegalBrains.com
**THE TICKTIN LAW GROUP**
270 SW Natura Avenue
Deerfield Beach, Florida 33441
Telephone: (954) 570-6757