## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

KATHLEEN KRENN,

     Plaintiff,

v.

                                Case No. 3:24-CV-00593

SERENATA BEACH CLUB, LLC
MOLLY BUTLER, AND MICHAEL
MOTA,

     Defendant[s].

_____

## JOINT MOTION FOR APPROVAL OF PARTIES'
## SETTLEMENT AGREEMENT AND DISMISSAL WITH PREJUDICE

     COMES NOW Plaintiff Kathleen Krenn and Defendants Serenata Beach Club, LLC, Molly Butler, and Michael Mota (collectively "the Parties"), by and through their respective undersigned counsel, and hereby move this Court to approve the Parties' settlement agreement and dismiss the claims of this Fair Labor Standards Act ("FLSA") case, with the Court reserving jurisdiction to enforce the terms of the settlement agreement, and in support thereof jointly state the following:

     1.    On June 10, 2024, Plaintiff filed suit against Defendants in the Middle District of Florida, Jacksonville Division, case number 3:24-cv-00593.

     2.    To avoid the costs and uncertainty of litigation, the Parties have

negotiated a resolution of this matter and resolved this action in its entirety pursuant to a settlement agreement.

3.    Pursuant to *Lynn's Food Stores, Inc. v. U.S*, 679 F.2d 1350 (11th Cir. 1982), FLSA claims may be settled only with the approval of the Court or the Secretary of Labor. An employee may settle and release FLSA claims against her or her employer without the supervision of the Secretary of Labor if all of the following conditions are met: (1) the settlement occurs in an adversarial context; (2) there are issues of FLSA coverage and/or computations actually in dispute; and (3) the district court enters an order approving the settlement after scrutinizing the fairness of the settlement. *Id*. at 1354. "The district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Id*. at 1353. In this case, no complaint was filed with the U.S. Department of Labor. Accordingly, the Settlement Agreement must be submitted to the Court for approval.

4.    The settlement agreement between Plaintiff and Defendants provides for final resolution of Plaintiff's FLSA claims, consideration for a release, and for attorneys' fees and costs which were negotiated separately from Plaintiff's claims.

5.    The Parties stipulate that: the negotiated settlement reached between the Parties represents a "fair" resolution of Plaintiff's FLSA claims and Plaintiff's attorneys' fees and costs; Plaintiff has received fair value for her

claims; the settlement reached between them advances judicial economy; attorney's fees were negotiated separately from damages; and that the terms of the settlement agreement constitute a fair and reasonable settlement of a *bona fide* dispute.

## MEMORANDUM OF LAW

There are two ways in which claims under the FLSA can be settled and released by employees. First, 216(c) of the FLSA allows employees to settle and waive their claims under the FLSA if the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor. *See* 29 U.S.C. 216(c); *Lynn's Food Stores, Inc. v. United States,* 679 F.2d 1350, 1353 (11th Cir. 1982). Second, in the context of a private lawsuit brought by an employee against an employer under section 216(b) of the FLSA, an employee may settle and release FLSA claims against an employer if the parties present the court with a proposed settlement and the court enters a stipulated judgment approving the fairness of the settlement. *Id.*; *see also Sculte, Inc. v. Gandi,* 328 U.S. 108, 66 S. Ct. 925, 928 n. 8, 90 L. Ed. 1114 (1946); *Jarrad v. Southeastern Shipbuilding Corp.,* 163 F.2d 960, 961 (5th Cir. 1947). The Eleventh Circuit has stated that the circumstances justifying court approval of an FLSA settlement in a litigation context are as follows:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial

3

context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores,* 679 F.2d at 1354.

The Court should be mindful of the strong presumption in favor of finding a settlement fair. *Hamilton*, 2007 U.S. Dist. LEXIS at \*2-3. *Dail v. George A. Arab, Inc.*, 391 F. Supp. 2d 1142, 1146 (M.D. Fla. 2005); *Camp v. Progressive Corp.*, 2004 U.S. Dist. LEXIS 19172 (E.D. La. Sept. 23, 2004)(there is a "strong presumption in favor of finding a settlement fair)(citing *Cotton v. Hinton,* 559 F.2d 1326, 1331 (5th Cir. 1977)); *See also Schottborgh v. Motor Car Concepts, II, Inc.*, 2009 WL 4730615, at \*2 (M.D. Fla. Dec. 9, 2009) ("The Court should be mindful of the strong presumption in favor of finding a settlement fair.")

Plaintiff ran a risk of losing this case or, in the alternative, recovery of a small amount of damages. Had she lost, Plaintiff would have faced an exposure of a cost judgment being entered against her. As such, this was a very beneficial outcome under the circumstances. *See Steinhauser v. Elec. Energy Sys., Inc.*, No. 6:08-cv-1518, 2009 WL 1458031 (M.D. Fla. May 26, 2009) (approving

settlement agreement where "[i]t appeared that further litigation of this case might have resulted in no recovery to Plaintiff at all").

In a suit brought by employees under the FLSA, the Court must determine whether the settlement "is a fair and reasonable resolution." *See Lynn's Food.,* 679 F.2d at 1352-53. at 1354. In doing so, the Court considers such factors as "(1) existence of fraud; (2) complexity of the case; (3) the point of the proceedings when the settlement occurs; (4) the probability of success on the merits; (5) the range of possible recovery; and (6) counsel's opinion." *McHone v. Donald P. Hoekstra Plumbing, Inc.,* No. 10-60322-CIV, 2010 WL 4625999, at *1 (S.D. Fla. Nov. 4, 2010) (citing *Dees v. Hydradry, Inc.,* 706 F. Supp. 2d 1227, 1241 (M.D. Fla. 2010)); *see also Leverso v. SouthTrust Bank of Ala., Nat'l Ass'n.,* 18 F.3d 1527, 1530 n.6 (11th Cir. 1994). The "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller,* 307 F. App'x 349, 351 (11th Cir. 2009).

The Parties represent that Plaintiff's attorneys' fees and costs were, at all times, negotiated separately from the amounts claimed by Plaintiff for her underlying claims and are not a function of any percentage of recovery. As the Court explained in *Bonetti v. Embarq Management Co.*, 2009 U.S. Dist. LEXIS 68075 at *11-12 (M.D. Fla. Aug. 4, 2009), where a "plaintiff's attorneys' fee was

agreed upon separately and without regard to the amount paid to the plaintiff, then unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to her attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel." *Bonetti*, 2009 U.S. Dist. LEXIS 68075 at *15-16.

Counsel for the Parties note there is no existence of fraud or collusion in this matter. See *Helms v. Central Fla. Reg. Hosp.,* No. 6:05-cv-383-Orl-22JGG, 2006 WL 3858491, at *4 (M.D. Fla. Dec. 21, 2006) (no fraud or collusion where both parties were represented by counsel and the amount paid to the plaintiff seems fair).

The Parties strongly dispute the merits of Plaintiff's claims - making protracted litigation inevitable if the proposed settlement agreement is not approved. Accordingly, Plaintiff's probability of success on the merits, and the uncertainty that she would be awarded any amount or what such amount would be, further support the proposed compromise and show that this settlement is fair and appropriate. *See e.g., Fernandez v. A-1 Duran Roofing, Inc.*, 2013 U.S. Dist. LEXIS 35821 at *2 (S.D. Fla. Feb. 25, 2013).

Finally, counsel for both Parties agree this settlement is eminently fair and reasonable given the factual and legal disputes discussed in this motion.

**WHEREFORE**, the parties respectfully request that the Court enter an

Order: (1) approving the terms of the settlement agreement, (2) dismissing this action with prejudice, and (3) reserving jurisdiction to enforce the terms of the parties' settlement agreement.

Respectfully submitted this 4th day of March 2025.

**DELEGAL POINDEXTER**
**& UNDERKOFLER P.A.**

*/s/ Alexandra E. Underkofler*
**T.A. DELEGAL, III, B.C.S.**
Fla. Bar No.: 892701
Email: tad@delegal.net
Secondary email: office@delegal.net
**JAMES C. POINDEXTER**
Fla. Bar No.: 0116039
Email: james@delegal.net
**ALEXANDRA E. UNDERKOFLER**
Fla. Bar No.: 1018209
Email: alex@delegal.net
424 E. Monroe Street
Jacksonville, Florida 32202
Telephone: (904) 633-5000
Facsimile: (904) 358-2850
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing document was electronically filed with the U.S. District Court on this 4th day of March 2025, via CM/ECF and will be served electronically on all parties and emailed to the following:

David E. Borack
Borack Law Group, PA
Email: dborack@boracklawgroup.com
Counsel for Serenata Beach Club, LLC and Molly Butler

7

and

Peter Ticktin
The Ticktin Law Group
Email: serv512@legalbrains.com
Counsel for Michael Mota

/s/ Alexandra E. Underkofler
Alexandra E. Underkofler, Esq.